**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

IN RE:   **BILLY JOE HARRIST**   CASE NO. 10-50168-R
XXX-XX-5202
300 ANDREWS
HOOKS, TEXAS 75561   CHAPTER 13

**MODIFIED CHAPTER 13 PLAN AFTER CONFIRMATION**

TO THE HONORABLE BANKRUPTCY JUDGE:

COMES NOW, **BILLY JOE HARRIST**, Debtor herein, and would propose the following Plan under Chapter 13 of the Bankruptcy Code.

1. The debts of **BILLY JOE HARRIST** duly proved and allowed shall be paid to the holder thereof in accordance with the provisions of the Bankruptcy Code and this Chapter 13 Plan.

2. The future earnings of Debtor is submitted to the supervision and control of this Court, and the Debtor shall pay to the Trustee the sum of:

   a. **$1,872.00** per month beginning **August 20, 2010** for 50 months; and then
   b. **$1,118.00** per month beginning **October 20, 2014** and continuing for the remainder of the Plan:

\* **In addition to the monthly plan payments stated above, debtor will make one (1) yearly bonus payments as follows:**

**1. $11,620.00 for May 2015**

**for a total of $116,400.00.**

This Plan shall be for a term of **60** months.

3. From the payments so received, the Trustee will make disbursements in the following order:

   a. <u>Administrative Expenses:</u>   The Trustee shall first pay the expenses as prescribed by the Court, for the administering of this Plan:

|  | Allowed Priority Claim | Monthly Payment | Total |
|---|---|---|---|
| (1) Trustee's Charges | | | |
| (2) Attorney's Fee (pre-confirmation) | 2,474.00 | First Funds Available | 2,474.00 |

| | | | |
|---|---|---|---|
| Attorney's Fee (post –confirmation mod) | 650.00 | First Funds Available | 650.00 |
| Attorney's Fee (2nd post –confirmation mod) | 650.00 | First Funds Available | 650.00 |
| Attorney's Fee (3rd post –confirmation mod) | 650.00 | First Funds Available | 650.00 |

b. <u>Priority Claims</u>: All Claims entitled to priority under Section 507 of the Bankruptcy Code will be paid as follows:

| Creditor | Amount | Int. Rate | No. of Mos. | Payment Amount | Total to Be Paid |
|---|---|---|---|---|---|
| **NONE** | | | | | |

c. <u>Secured Claims</u>: Secured creditors, whose claims are duly and timely filed, approved and allowed, will be paid the amount of the allowable claim or the value of the collateral, whichever is less, as follows:

| Name of Creditor | Amount | Int. Rate | No. of mos. | Payment Amt. | Total to Be Paid |
|---|---|---|---|---|---|
| **Wells Fargo (post petition fees)** | $188.92 | n/a | 1 | $188.92 | $188.92 |

d. <u>Unsecured Claims</u>: Unsecured claims will be paid <u>prorata</u> by the Trustee after payment of the aforementioned categories to creditors who have duly and timely filed and proved their claim, with the same having been allowed by the Court, with such payments or dividends to be paid in lieu of the debt and in satisfaction of the debts of such creditors.

d1. <u>Special Class Unsecured</u>: Unsecured claims of a special class listed hereunder, after payment of the aforementioned categories, to creditors who have duly and timely filed and proved their claim.

   N/A

e. No interest, penalty or additional charge shall be allowed on any account subsequent to the filing of the petition herein, except that interest shall be allowed on claims to fully secured creditors in accordance with Section 506(b) of the Bankruptcy Code.

4. Debtors shall pay outside the Plan, the following non-dischargeable debt payments:
   Name of Creditor            Collateral

|  |  |
|---|---|
| **Polaris** | **Polaris ATV** |
| **Wells Fargo** | **300 Andrews, Hooks, Texas** |

5. The following secured claims are not dealt with in this Plan and are not being paid directly by the Debtors outside the Plan, therefore, upon confirmation of the Debtor's Chapter 13 Plan, the Automatic Stay provisions of 11 U.S.C. Section 362 will be terminated and annulled with respect to each of the following claims:

| Name of Creditor | Collateral |
|---|---|
| **NONE** | |

6. All executory contracts of the Debtors will be assumed unless specifically rejected herein.

7. Upon confirmation of this Plan, title of the property of the estate shall vest in Debtors.

8. The Court may, from time to time, during the period of the Plan, extend, increase or reduce the amount of any of the installments provided by the Plan, or extend or shorten the time for any such payments where it shall be made to appear after hearing, upon such notice as the Court may designate, that the circumstances of Debtors so warrant or so require; provided, however, that nothing in this Plan shall be construed to prevent the granting of a discharge of Debtors as provided in Section 1328 of the Bankruptcy Code.

9. POST-CONFIRMATION CURE OR WAIVER OF DEFAULT: Any default of the Debtors' post-confirmation plan payments may only be waived by compliance with the provisions of 11 U.S.C. 1329. Any default of post-confirmation plan payments may only be cured by written permission of the Standing Chapter 13 Trustee and compliance with such conditions as the Trustee may impose.

10. POST PETITION CLAIMS: The Debtors will not incur any post-petition consumer debt except after notice to creditors and approval by the Court and the Standing Chapter 13 Trustee as specified in 11 U.S.C. 1305(c). Post-petition claims will be allowed only as specified in 11 U.S.C. 1305.

DATED this 4th day of September 2014.

Respectfully submitted,

/s/ David V. Ruff, II  
David V. Ruff, II  TSB#24037406  
1915 Mall Drive  
Texarkana, Texas 75503  
Telephone:  (903) 792-5313  
Facsimile:    (903) 792-5405

## Certificate of Service

I, David Ruff II, do hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all interested parties attached hereto on the mailing matrix this 3rd day of September 2014.

/s/ David V. Ruff, II_____
David V. Ruff, II