IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| IN RE: | BILLY JOE HARRIST<br>XXX-XX-5202<br>300 ANDREWS<br>HOOKS, TEXAS  75561 | CASE NO. 10-50168<br><br><br>CHAPTER 13 |

## ORDER GRANTING DEBTOR'S MOTION
## TO MODIFY PLAN AND RELATED ORDERS

After notice and hearing, wherein the Court considered the matters on file herein, including any objections to confirmation of the Plan, the Court finds:

1. All scheduled creditors have been served with a copy of the Debtor's Motion to Modify their Plan in accordance with Rule 3015;

2. The Plan as presented for modification (hereinafter referred to as "the Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and other applicable provisions of said Title; and

**IT IS THEREFORE ORDERED THAT:**

1. The Debtor's Modified Plan is confirmed.

2. The Debtor shall pay:
   a. the sum of **$ 1,872.00 per month for 50 months;** and then

   b. the sum of **$1,118.00 per month for 10 months;** plus

   c. one (1) yearly bonuses as follows: $11,620.00 for May 2015

   for a total of **$ 116,400.00** and any income tax refunds to Janna Countryman, Trustee, PO Box 628, Tyler, TX 75710, beginning the 20th day of August 2010, until all of the allowed claims provided for under the plan have been paid in accordance with the terms of the Plan, or until further order of this Court.

3. The Trustee shall make disbursements pursuant to provisions of the Plan and Section 1326 of the Bankruptcy Code, and shall only pay such claims, which have been allowed by the Court.  The Trustee shall make disbursements monthly, unless otherwise provided by the plan, but shall not be required to pay any dividend in an amount less than $15.00, and such dividends shall accumulate and be paid when such accumulation aggregates $15.00 or more.

4. The Debtor shall not incur additional debt during the term of this Plan except upon written approval of the Trustee or further order of this Court. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable.

    5.    The order of payment, unless otherwise directed, shall be:

    a.    The percentage fee fixed for the Trustee pursuant to 11 U.S.C. § 1.302(e), including;

**Administrative costs for pre-confirmation services, including attorneys fees to David V. Ruff of $2,474.00 from the first funds available;**

**Administrative costs for post-confirmation #1 services, including attorneys fees to David V. Ruff of $650.00 from the first funds available;**

**Administrative costs for post-confirmation #2 services, including attorneys fees to David V. Ruff of $650.00 from the first funds available;**

**Administrative costs for post-confirmation #3 services, including attorneys fees to David V. Ruff of $650.00 from the first funds available;**

    b.  Any unpaid claim of the kind specified in 11 U.S.C. § 507(a);

    c.  Creditors whose claims are timely filed and allowed in such amount and order of preference as may be provided by the Plan or may be required to provide adequate protection of the interest of an entity with an interest in property of the estate as ordered by the Court, or as necessary within the discretion of the Trustee.

    6.    The following secured claims are known to the Court at this time and are allowed as follows:

| Name of Creditor | Amount | Int. Rate | No. of Mos. | Payment Amount | Total to be Paid |
|---|---|---|---|---|---|
| **Wells Fargo** (Post petition fees) | $188.92 | n/a | 1 | $188.92 | $188.92 |

    7.    The following secured claims are not dealt with in the Debtors' Plan, and therefore, the automatic stay provisions of 11 U.S.C. § 362 are hereby terminated with respect to each of the following claims:

    **NONE**

    8.    The Debtor, in lieu of the Trustee, shall make disbursements on the following secured claims:

    **Polaris**                         **Polaris ATV**

    **Wells Fargo**                  **300 Andrews , Hooks, Texas**

      9.      The following Priority claims are known to the Court at this time and are allowed as follows:

| **Creditor** | **Claim Amount** | **Monthly Payment** | **Total amount to be Paid** |
|---|---|---|---|
| **NONE** | | | |

      10.      All funds remaining after the payment of the allowed secured, priority, administrative and debtor attorney fee claims specifically provided for in the confirmed Plan shall be distributed pro rata among unsecured creditors whose claims have been duly filed and allowed.

      11.      Each secured creditor described herein shall retain the lien existing prior to the commencement of the case to secure payment of the allowed amount of its claim.

      12.      The foregoing provisions regarding secured and priority claims are based upon the claims that have been filed or otherwise disclosed to the Court as of this date. The Court retains jurisdiction to review this Order upon request of any interested party if additional claims are filed and allowed subsequent to the entry of this Order, which would render inaccurate the Court's findings in paragraphs 3 and 4.